UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:11-CV-762

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>Plaintiff,<br><br>vs.<br><br>JOYNER MARINA, LLC, JOYNER REAL ESTATE HOLDINGS, LLC, BARNEY G. JOYNER FAMILY TRUST and DAVID L. JOYNER,<br><br>Defendants. | VERIFIED COMPLAINT |

Plaintiff Wells Fargo Bank, N.A. successor by merger to Wachovia Bank, National Association ("Wells Fargo"), complaining of Defendants Joyner Marina, LLC, Joyner Real Estate Holdings, LLC, Barney G. Joyner Family Trust ("Borrowers") and David L. Joyner ("Guarantor"), alleges as follows:

NATURE OF ACTION

1. This is an action brought by Wells Fargo, the holder of a loan extended to Borrowers, based on Borrowers' and Guarantor's failure to pay certain obligations due and owing to Wells Fargo under the terms of the Loan Documents and applicable law.

THE PARTIES, JURISDICTION AND VENUE

2. Wells Fargo is a national bank charted by the Office of the Comptroller of the Currency, and thus organized under the laws of the United States, with its principal place of business in Sioux Falls, South Dakota.

4. Upon information and belief, Joyner Real Estate Holdings, LLC is a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina.

5. Upon information and belief, the Barney G. Joyner Family Trust is a North Carolina trust whose Trustee, David L. Joyner, is a citizen and resident of Wake County, North Carolina.

6. Upon information and belief David L. Joyner, is a citizen and resident of Wake County, North Carolina.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen and resident of a State that is different from the State of citizenship and residency of each and every one of the Defendants, and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

<u>FIRST CLAIM FOR RELIEF – PAYMENT DEFAULT UNDER NOTE AND GUARANTY</u>

9. On November 21, 2007, Borrowers and Wells Fargo, as lender, entered a Loan Agreement (the "Loan Agreement"). A copy of the Loan Agreement is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

10. On November 21, 2007, Borrowers executed a Promissory Note in favor of Wells Fargo in the original principal amount of $5,000,000 (the "Note"). A true and accurate copy of the Note is attached hereto as <u>Exhibit B</u> and is incorporated herein by reference.

11. The Note requires that payments of accrued interest be due and payable monthly and that the Note be due and payable in full upon maturity.

12. On May 13, 2008, Borrowers executed that Modification Number One to Promissory Note, which among other things, extended the maturity date of the Note. A true and accurate copy of the Modification Number One to Promissory Note is attached hereto as <u>Exhibit C</u> and is incorporated herein by reference.

13. On June 13, 2008, Borrowers executed that Modification Number Two to Promissory Note and Modification Number One to Loan Agreement, which among other things, increased the principal amount of the Note to $6,800,000.00. A true and accurate copy of the Modification Number Two to Promissory Note and Modification Number One to Loan Agreement is attached hereto as <u>Exhibit D</u> and is incorporated by reference.

14. On May 18, 2009, Borrowers executed that Modification Number Three to Promissory Note, which among other things, modified the interest rate provisions of the Note and extended the maturity date. A true and accurate copy of the Modification Number Three to Promissory Note is attached hereto as <u>Exhibit E</u> and is incorporated by reference.

15. On October 15, 2010, Borrowers executed that Modification Number Four to Promissory Note and Modification Number Two to Loan Agreement, which among other things, required monthly payments of principal plus interest, modified the interest rate provisions of the Note, extended the maturity date and modified the provisions allowing for partial release of real property collateral (the Note as modified, hereafter the "Amended Note") (the Loan Agreement as modified, hereafter the "Amended Loan Agreement"). A copy of the Modification Number Four to Promissory Note and Modification Number Two to Loan Agreement is attached hereto as <u>Exhibit F</u> and is incorporated herein by reference.

16. As security for the indebtedness evidenced by the Amended Note, Joyner Marina, LLC executed and delivered to the trustee named therein for the benefit of Wells Fargo that

certain Deed of Trust, Assignment of Rents and Security Agreement dated November 21, 2007 and recorded in Book 5253, at Page 2432 in the Office of the Register of Deeds of New Hanover County, North Carolina; modified by that certain Modification of Deed of Trust dated June 13, 2008 and recorded in Book 5323, at Page 1112 in the Office of the Register of Deeds of New Hanover County, North Carolina (the "Deed of Trust"). A true and accurate copy of the Deed of Trust is attached hereto as <u>Exhibit G</u> and is incorporated herein by reference.

17. As security for the indebtedness evidenced by the Amended Note, Joyner Marina, LLC executed and delivered an Absolute Assignment of Lessor's Interest in Leases and Rents to Wells Fargo dated November 21, 2007 and recorded in Book 5253, at Page 2445 in the Office of the Register of Deeds of New Hanover County, North Carolina; modified by that certain Modification of Absolute Assignment of Lessor's Interest in Leases and Rents dated June 13, 2008 and recorded in Book 5323, at Page 1112 in the Office of the Register of Deeds of New Hanover County, North Carolina (the "Assignment of Leases"). A true and accurate copy of the Assignment of Leases is attached hereto as <u>Exhibit H</u> and is incorporated herein by reference.

18. In order to induce Wells Fargo to make the loan evidenced by the Amended Loan Agreement and Amended Note, David L. Joyner executed and delivered an Unconditional Guaranty dated November 21, 2007 by which he guaranteed prompt and punctual payment of the Borrowers' obligations to Wells Fargo. A true and accurate copy of the Unconditional Guaranty is attached hereto as <u>Exhibit I</u> and is incorporated herein by reference.

19. David L. Joyner reaffirmed his Unconditional Guaranty upon the execution of that certain Modification Number Two to Promissory Note and Modification Number One to Loan Agreement and that certain Modification Number Four to Promissory Note and Modification Number Two to Loan Agreement through executing Reaffirmation of Guaranty Letters dated

June 13, 2008 and October 15, 2010. True and accurate copies of the Reaffirmation of Guaranty Letters are attached hereto as Exhibit J and Exhibit K.

20. Borrowers defaulted under the Amended Loan Agreement and Amended Note, by among other things, failing to make monthly payments of principal plus interest beginning January 1, 2011 (the "Initial Payment Default").

21. Borrowers further defaulted under the Amended Loan Agreement and Amended Note by (i) failing to provide Wells Fargo annual financial statements within 90 days of the close of Borrowers' fiscal year for FYE December 31, 2010, (ii) failing to deliver complete copies of Borrowers' federal and state tax returns within 30 days of filing, and (iii) failing to deliver annual operating reports on all properties on the Real Estate Owned Schedule within 90 days of the close of Borrowers' fiscal year ended December 31, 2010 (the "Reporting Default").

22. On April 21, 2011, a letter was sent to Borrowers and Guarantor accelerating the balance due and demanding payment of the Amended Note in full. A true and accurate copy of such Demand Letter is attached hereto as Exhibit L and incorporated herein by reference.

23. Notwithstanding such demand, Borrowers and Guarantor did not pay the amounts due under the Amended Note.

24. Thereafter, Borrowers, Guarantor and Wells Fargo entered into a Forbearance Agreement dated July 29, 2011 ("Forbearance Agreement"), pursuant to which the Borrowers and Guarantor acknowledged the Initial Payment Default and the Reporting Default under the Amended Note and Amended Loan Agreement, and pursuant to which Wells Fargo agreed to forbear from the exercise of its remedies on account of the Initial Payment Default and the Reporting Default for a period ending not later than October 18, 2011 (the "Forbearance Period").

25. The Forbearance Agreement provides that upon termination or the expiration of the Forbearance Period, the agreement of Wells Fargo to forbear will terminate automatically without further action.

26. The Forbearance Period expired on October 18, 2011.

27. Borrowers have made no payments on the Amended Note since the expiration of the Forbearance Period, and failed to pay the Amended Note in full upon maturity (the "Continuing Payment Default").

28. On December 6, 2011, a letter was sent to Borrowers and Guarantor noting the expiration of the Forbearance Period, noting the Continuing Payment Default, reasserting the prior acceleration of the balance due and demanding payment of the Amended Note in full. A true and accurate copy of such Demand Letter is attached hereto as <u>Exhibit M</u> and incorporated herein by reference.

29. Notwithstanding such demand, Borrowers and Guarantor have not paid the amounts due under the Amended Note.

30. As of December 16, 2011, the Borrowers owe to the Wells Fargo the principal amount of $5,368,058.08, together with accrued interest of $90,660.53 and late charges of $14,945.93. Additionally, interest on the principal balance continues to accrue at the rate of $1,192.902 per day.

31. Therefore, Wells Fargo is entitled to judgment against Borrowers in the full amount due under the Amended Note in the amount of $5,473,664.54.

32. Guarantor is jointly and severally liable with Borrowers for all amounts due and owing under the Amended Note. Wells Fargo has been damaged by Guarantor's failure to pay

- 6 -
Case 5:11-cv-00762-D   Document 1   Filed 12/29/11   Page 6 of 10

the amounts due and owing under the Amended Note and as required under the Unconditional Guaranty.

33. Therefore, Wells Fargo is entitled to judgment against Guarantor in the full amount due under the Amended Note in the amount of $5,473,664.54.

## SECOND CLAIM FOR RELIEF – ATTORNEY FEES

34. Wells Fargo incorporates herein by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth.

35. Pursuant to the terms of the Amended Note and Unconditional Guaranty, Borrowers and Guarantor are liable to Wells Fargo for all expenses, including, without limitation, reasonable attorneys' fees, incurred to enforce or collect any of the amounts due under the Amended Note and Unconditional Guaranty.

36. In its demand letter dated April 21, 2011, and its demand letter dated December 6, 2011, Wells Fargo gave notice pursuant to N.C. Gen. Stat. §6-21.2 to Borrowers and Guarantor of its intention to collect all expenses, including, without limitation, reasonable attorneys' fees, incurred to enforce or collect any of the amounts due under the Amended Note and Unconditional Guaranty.

37. To the extent the prior notice has expired or is ineffective, this Complaint serves as further notice to Borrowers and Guarantor, pursuant to N.C. Gen. Stat. §6-21.2, of Wells Fargo's intention to enforce the provisions of the Amended Note and Unconditional Guaranty to recover costs and expenses, including attorneys' fees. Pursuant to N.C. Gen. Stat. § 6-21.2, Borrowers' and Guarantor's obligation to pay attorneys' fees will become fixed and enforceable five days from the date of this Complaint unless the full amounts due and owing under the Amended Note and Guaranty are paid in full on or before such date.

38. In the event that the full balance due under the Amended Note and Unconditional Guaranty is not paid within 5 days, Wells Fargo is entitled to recover its costs, including attorneys' fees, incurred in its collection.

WHEREFORE, the Wells Fargo respectfully requests of the Court:

1. That Wells Fargo have and recover under its First Claim for Relief from the Borrowers and Guarantor, jointly and severally, all amounts determined to be due and owing to it pursuant to the Amended Loan Agreement, Amended Note and Unconditional Guaranty including principal in the amount of $5,368,058.08, together with accrued interest of $90,660.53 through December 16, 2011 and late charges of $14,945.93, plus per diem interest of $1,192.902 until Judgment;

2. That the Wells Fargo have and recover under its Second Claim for Relief from the Borrowers and Guarantor, jointly and severally, all of its costs, including attorneys' fees and expenses, incurred in enforcing its rights under the Amended Loan Agreement, Amended Note and Unconditional Guaranty;

3. That the costs of this action be taxed against the Defendants; and

4. That Wells Fargo has such other and further relief as the Court may deem just and proper.

This the 29th day of December, 2011.

    /s/ Brian C. Fork
A. Lee Hogewood, III
North Carolina State Bar Number 17451
Brian C. Fork
North Carolina State Bar Number 33922
K&L Gates LLP
Post Office Box 17047 (27619-7047)
4350 Lassiter at North Hills Avenue
Suite 300
Raleigh, North Carolina 27609
Telephone: (919) 743-7306
Facsimile: (919) 516-2006
*Attorneys for Wells Fargo Bank, NA*

UNSWORN DECLARATION UNDER PENALTY OF PERJURY
PURSUANT TO 28 U.S.C.§ 1746

I, Scott M. VanHee, Vice President of Wells Fargo Bank, N.A., declare under penalty of perjury under the laws of the United States of America, that I have read the foregoing Verified Complaint and that the foregoing is true and correct.

Executed this 16th day of December, 2011.

*[signature]*

Scott M. VanHee
Vice President
Wells Fargo Bank, N.A.