UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:11-CV-762

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>Plaintiff,<br><br>vs.<br><br>JOYNER MARINA, LLC, JOYNER REAL ESTATE HOLDINGS, LLC, BARNEY G. JOYNER FAMILY TRUST and DAVID L. JOYNER,<br><br>Defendants. | MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br>F.R.C.P. 56(c)<br>LR 7.1(d), 7.2 |

## INTRODUCTION

The Plaintiff Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, National Association ("Wells Fargo"), files this Memorandum of Law (the "Memorandum") in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion"). In support of its Motion, the Plaintiff states as follows:

## STATEMENT OF THE CASE AND BACKGROUND FACTS

Wells Fargo filed this lawsuit in order to recover the amount owed under a loan made by Wells Fargo to Defendants Joyner Marina, LLC, Joyner Real Estate Holdings, LLC and Barney G. Joyner Family Trust reflected by an Amended Loan Agreement, Amended Note, and Unconditional Guaranty of David L. Joyner following the Defendants default thereunder (defined *infra*). In their Answer, the Defendants admit default and that "certain funds are due" (Answer, DE# 16 at ¶¶ 27, 29, 30, 32, & 33) but dispute the only specific amount owed to Wells Fargo. The Defendants only affirmative defense to Wells Fargo's claims for payment default

and attorneys' fees is that Wells Fargo has failed to mitigate its damages because it has not initiated a foreclosure of the deed of trust securing the Amended Note prior to pursuing the balance owed in this suit. Wells Fargo has now filed its Motion for Summary Judgment asserting that no genuine issues of material fact are at issue and that Defendants' affirmative defense of failure to mitigate damages are not applicable and have been waived by the Defendants, and that judgment should be entered in favor of Wells Fargo in the amount set forth in the Verified Complaint and Declaration of Scott M. VanHee.

On November 21, 2007, Joyner Marina, LLC, Joyner Real Estate Holdings, LLC, Barney G. Joyner Family Trust ("Borrowers") and Wells Fargo, as lender, entered into a Loan Agreement (the "Loan Agreement") and executed a Promissory Note in favor of Wells Fargo in the original principal amount of $5,000,000 (the "Note"). *See* Exhibits A and B of Verified Complaint, DE# 1. The Note requires that payments of accrued interest be due and payable monthly and that the Note be due and payable in full upon maturity. Thereafter, the Borrowers executed four modifications to the Note and Loan Agreement (*See* Exhibits C - F of Verified Complaint, DE# 1), which among other things, required monthly payments of principal plus interest, modified the interest rate provisions of the Note, extended the maturity date and modified the provisions allowing for partial release of real property collateral (the Note as modified, hereafter the "Amended Note") (the Loan Agreement as modified, hereafter the "Amended Loan Agreement").

As security for the indebtedness evidenced by the Amended Note, Joyner Marina, LLC executed and delivered to the trustee named therein for the benefit of Wells Fargo that certain Deed of Trust, Assignment of Rents and Security Agreement dated November 21, 2007 and recorded in Book 5253, at Page 2432 in the Office of the Register of Deeds of New Hanover

- 2 -
Case 5:11-cv-00762-D   Document 22   Filed 11/30/12   Page 2 of 18

County, North Carolina; modified by that certain Modification of Deed of Trust dated June 13, 2008 and recorded in Book 5323, at Page 1112 in the Office of the Register of Deeds of New Hanover County, North Carolina (the "Deed of Trust"). *See* Exhibit G of Verified Complaint, DE# 1. As further security, Joyner Marina, LLC executed and delivered an Absolute Assignment of Lessor's Interest in Leases and Rents to Wells Fargo dated November 21, 2007 and recorded in Book 5253, at Page 2445 in the Office of the Register of Deeds of New Hanover County, North Carolina; modified by that certain Modification of Absolute Assignment of Lessor's Interest in Leases and Rents dated June 13, 2008 and recorded in Book 5323, at Page 1116 in the Office of the Register of Deeds of New Hanover County, North Carolina (the "Assignment of Leases"). *See* Exhibit H of Verified Complaint, DE# 1.

In order to induce Wells Fargo to make the loan evidenced by the Amended Loan Agreement and Amended Note, David L. Joyner ("Guarantor") executed and delivered an Unconditional Guaranty dated November 21, 2007 by which he guaranteed prompt and punctual payment of the Borrowers' obligations to Wells Fargo. (the "Guaranty"). *See* Exhibit I of Verified Complaint, DE# 1. David L. Joyner reaffirmed his Guaranty upon the execution of the various modifications to the Note and Loan Agreement, executing Reaffirmation of Guaranty Letters dated June 13, 2008 and October 15, 2010. *See* Exhibits J and K of Verified Complaint, DE# 1.

Borrowers defaulted under the Amended Loan Agreement and Amended Note, by among other things, failing to make monthly payments of principal plus interest beginning January 1, 2011 (the "Initial Payment Default"). Borrowers further defaulted under the Amended Loan Agreement and Amended Note by (i) failing to provide Wells Fargo annual financial statements within 90 days of the close of Borrowers' fiscal year for FYE December 31, 2010, (ii) failing to

- 3 -
Case 5:11-cv-00762-D   Document 22   Filed 11/30/12   Page 3 of 18

deliver complete copies of Borrowers' federal and state tax returns within 30 days of filing, and (iii) failing to deliver annual operating reports on all properties on the Real Estate Owned Schedule within 90 days of the close of Borrowers' fiscal year ended December 31, 2010 (the "Reporting Default"). On April 21, 2011, a letter was sent to Borrowers and Guarantor accelerating the balance due and demanding payment of the Amended Note in full. *See* Exhibit L of Verified Complaint, DE# 1. Notwithstanding such demand, Borrowers and Guarantor did not pay the amounts due under the Amended Note.

Thereafter, Borrowers, Guarantor and Wells Fargo entered into a Forbearance Agreement dated July 29, 2011 (the "Forbearance Agreement"), pursuant to which the Borrowers and Guarantor acknowledged the Initial Payment Default and the Reporting Default under the Amended Note and Amended Loan Agreement, and pursuant to which Wells Fargo agreed to forbear from the exercise of its remedies on account of the Initial Payment Default and the Reporting Default for a period ending not later than October 18, 2011 (the "Forbearance Period"). The Forbearance Agreement provides that upon termination or the expiration of the Forbearance Period, the agreement of Wells Fargo to forbear will terminate automatically without further action. The Forbearance Period expired on October 18, 2011. On December 6, 2011, a letter was sent to Borrowers and Guarantor noting the expiration of the Forbearance Period, noting their continued failure to pay the Amended Note in full upon maturity, reasserting the prior acceleration of the balance due and demanding payment of the Amended Note in full. *See* Exhibit M of Verified Complaint, DE# 1. Notwithstanding such demand, Borrowers and Guarantor have not paid the amounts due under the Amended Note after the expiration of the Forbearance Period and have failed to pay the Amended Note in full upon maturity. (the "Continuing Payment Default").

- 4 -
Case 5:11-cv-00762-D   Document 22   Filed 11/30/12   Page 4 of 18

As of November 27, 2012, the balance due and owing to Wells Fargo was $5,887,601.46, including principal of $5,368,058.08, interest of $504,597.45 and late charges of $14,945.93. *See* Exhibit 1, Declaration of Scott M. VanHee. Additionally, interest on the principal balance continues to accrue at the rate of $1,192.90 per day. Pursuant to the terms of the Amended Note and Guaranty, Wells Fargo is also entitled to attorneys' fees and costs of collection of the amounts owed. As of November 27, 2012, Wells Fargo has incurred attorneys' fees in the amount of $45,636.70 and costs in the amount of $1,492.99. *See* Exhibit 1 Declaration of Scott M. VanHee.

## ARGUMENT

### I. STANDARD FOR GRANTING SUMMARY JUDGMENT UNDER RULE 56(c)

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 242, 247 (1986). To survive summary judgment, the non-moving party must show more than just a factual dispute; the fact in question must be material and the dispute must be genuine. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the court must view the facts in the light most favorable to the non-moving party, *see Anderson*, 477 U.S. at 255, "bare allegations unsupported by legally competent evidence do not give rise to a genuine dispute of material fact." *Solis v. Prince George's County*, 153 F. Supp. 2d 793, 807 (D. Md. 2001). "Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248, but must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed).

II.  **NO GENUINE ISSUES OF MATERIAL FACT EXIST AS TO DEFENDANTS' DEFAULT UNDER THE AMENDED NOTE AND GUARANTY**

    A.  **Payment Default under Amended Note and Guaranty**

Defendants have admitted executing the Amended Note, Amended Loan Agreement, Guaranty, and Reaffirmation of Guaranty Letters. *See* Answer, DE# 16 at ¶¶ 9-19. Defendants admitted that the Borrowers defaulted under the Amended Loan Agreement and Amended Note, by among other things, failing to make monthly payments of principal interest beginning January 1, 2011. *See* Verified Complaint, DE# 1 at ¶ 20; Answer, DE# 16 at ¶ 20. Defendants also admitted the balance due was accelerated on April 21, 2011 by letter sent to Defendants and that demand was made on the Defendants. *See* Verified Complaint, DE# 1 at ¶ 22; Answer, DE# 16 at ¶ 22. Defendants further admit that the parties entered into the Forbearance Agreement, and that the Forbearance Period expired on October 18, 2011. *See* Verified Complaint, DE# 1 at ¶¶ 24-26; Answer, DE# 16 at ¶¶ 24-26. Finally, Defendants admit that although Defendants have made some payments after the Initial Payment Default during the Forbearance Period and prior to maturity of the Amended Note on October 18, 2011, that certain payments remain due in the form of the Continuing Payment Default. *See* Verified Complaint, DE# 1 at ¶ 27; Answer, DE# 16 at ¶ 27; *see also* Exhibit B of Verified Complaint, DE# 1, Modification Number Four to Promissory Note and Modification Number Two to Loan Agreement at 2, ¶ 2 (identifying maturity date as October 18, 2011).

Therefore, Defendants have admitted to entering into the Amended Note and Amended Loan Agreement. Defendants have further admitted to failing to make timely payments under the terms of the Amended Note and Amended Loan Agreement, both through the Initial Payment

- 6 -
Case 5:11-cv-00762-D   Document 22   Filed 11/30/12   Page 6 of 18

Default on January 1, 2011 and the Continuing Payment Default after the expiration of the Forbearance Agreement and for failing to pay the Amended Note in full upon maturity. The Amended Note provides that failure to make timely payment of amounts owed under the Amended Note constitutes an event of default. Exhibit B of Verified Complaint, DE# 1, Modification Number Four to Promissory Note and Modification Number Two to Loan Agreement, at 3. Wells Fargo may accelerate the full amount due under the Amended Note upon default, and all amounts outstanding under the Amended Note are immediately due and payable to Wells Fargo upon maturity. *Id.* Wells Fargo has accelerated the outstanding balance due under the Amended Note, and the Amended Note matured on October 18, 2011. Therefore, based on the Defendants admitted payment default under the Amended Note, there is no genuine issue of material fact and Wells Fargo is entitled to summary judgment against Defendant Borrowers as to their default and liability to Wells Fargo under the Amended Loan Agreement and Amended Note.

Pursuant to the terms of the Guaranty, Defendant David L. Joyner guaranteed timely payment and performance of all obligations of the Borrowers under the Amended Loan Agreement and Amended Note. *See* Exhibit I of Verified Complaint, DE# 1 at 1. Defendants also admitted that the Guarantor is liable for the debt owed under the Amended Note. *See* Answer, DE# 16 at ¶ 32. Therefore, based on Defendants admission of David L. Joyner's liability for all amounts due under the Amended Loan Agreement and Amended Note, and the terms of the Guaranty, there is no genuine issue of material fact and Wells Fargo is entitled to summary judgment against Defendant David L. Joyner as to his default under the Guaranty and his liability to Wells Fargo for all amounts due under the Amended Loan Agreement and Amended Note.

### B. Total Balance Owed under Amended Note and Guaranty

Wells Fargo alleged the specific amount of principal, interest and late charges owed under the Amended Note, as well as a per diem for continually accruing interest in the Verified Complaint and updated that amount in the Declaration of Scott M. VanHee filed with this Memorandum. As of November 27, 2012, the balance due and owing to Wells Fargo was $5,887,601.46, including principal of $5,368,058.08, interest of $504,597.45 and late charges of $14,945.93. Additionally, interest on the principal balance continues to accrue at the rate of $1,192.90 per day. *See* Exhibit 1, Declaration of Scott M. VanHee.

Defendants admit that "certain payments are due," *see* Answer, DE# 16 at ¶¶ 27, 29, 30, & 33, and that the Guarantor is liable for the debt, *see* Answer, DE# 16 at ¶ 32, but do not admit to a specific amount owed. Defendants state in paragraph 30 of their answer that "[i]t is admitted that certain funds are due; however, without a full accounting and liquidation of the collateral, the amount cannot be determined." Answer, DE# 16 at ¶ 30. Due to Defendants' failure to admit the full amount owed as alleged by Wells Fargo or otherwise identify the amount Defendants believe they owe Wells Fargo, Wells Fargo served Defendants with Interrogatories and Requests for Production in an attempt to clarify Defendants' contentions. Wells Fargo requested that Defendants explain their basis for denying that Wells Fargo is entitled to a judgment in the full amount demanded in the Verified Complaint, to which Defendants responded only that "[t]he Defendant is not able to agree without an accounting that the amount shown in the Complaint is accurate." *See* Exhibit 2, Response to Interrogatory No. 11. Wells Fargo further requested that Defendants "identify the total amount you contend is owed by Borrowers and Guarantor to Wells Fargo under the Amended Note." *See* Exhibit 2, Response to

Interrogatory No. 12. Defendants responded only that "[a]t this time the Defendant is unable to state an amount with certainty." *See id.* Defendants have not served discovery requests on Wells Fargo, and the discovery period has expired.

In their interrogatory responses, Defendants responded that they made a payment of $402,870.02 on July 29, 2011 and that Wells Fargo initiated drafts totaling $61,000.00 thereafter through October 2011. *See* Exhibit 2, Response to Interrogatory Nos. 6. Wells Fargo acknowledges that limited payments have been made since the Initial Payment Default on January 1, 2011 and Wells Fargo has properly credited each payment; however, the balance that remains due and owing despite these payments was asserted in the Verified Complaint and has been affirmed in the Declaration of Scott M. VanHee. This amount has not been contradicted by evidence or otherwise actually disputed by Defendants. Defendants have merely denied the total amount owed, and said they are not certain what amount they really owe Wells Fargo.

In *L.L. Murphrey Co. v. D.A.N. Joint Venture III, LP (In re Murphrey Co.)*, the Bankruptcy Court for this District found that where the defendant failed to put forth evidence disputing the amount in controversy, no genuine issue of material fact had been raised. Adv. Proc. No. 11-00139-8-JRL, 2011 WL 6301214, at *3 (Bankr. E.D.N.C. Dec. 16, 2011) (unpublished; *see* Exhibit 3). The plaintiff offered an affidavit as evidence of the specific amount of debt remaining that was to be recapitalized. *Id.* at *2. The defendant, in turn, offered an affidavit of its internal accountant who admittedly incorporated hypothetical figures into her calculation to determine the amount to be recapitalized. *Id.* at *3. The court found that the defendant's dispute had no factual basis and that the defendant failed to present evidence that raised a genuine issue of material fact as to the amount of the debt to be recapitalized. *Id.*; *see also SunTrust Mortg., Inc. v. Busby*, Case No. 2:09CV03, 2010 WL 3945103, at *9 (W.D.N.C.

Oct. 6, 2010) (unpublished; *see* Exhibit 4) (where default was established, balances were accelerated, lender put forth affidavit of remaining balances, and debtors failed to "present a forecast of evidence" that put the amount in controversy, lender was entitled to summary judgment as to amount of debts owed on promissory notes).

To survive summary judgment, the non-moving party must show more than just a factual dispute; the fact in question must be material and the dispute must be genuine. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[B]are allegations unsupported by legally competent evidence do not give rise to a genuine dispute of material fact." *Solis v. Prince George's County*, 153 F. Supp. 2d 793, 807 (D. Md. 2001). Although Defendants have asserted various approximate payments were made after the Initial Payment Default through the expiration of the Forbearance Period and maturity date, which Wells Fargo does not dispute, they have not put forth facts or other evidence contradicting the balance as stated by Wells Fargo in its Verified Complaint and the Declaration of Scott M. VanHee. Therefore, there is no genuine issue of material fact and Wells Fargo is entitled to summary judgment against the Defendants in the total amount of $5,887,601.46, plus continually accruing interest at the rate of $1,192.90 per day.

### III. NO GENUINE ISSUES OF MATERIAL FACT EXIST AS TO DEFENDANTS' LIABILITY FOR WELLS FARGO'S COSTS AND ATTORNEY FEES INCURRED IN COLLECTING UPON THE AMENDED NOTE AND GUARANTY

With respect to Wells Fargo's second claim for relief for the recovery of its costs and attorneys' fees in connection with collecting the outstanding balance due under the Amended Note, Defendants have not come forward with any allegations showing a factual issue in dispute, but merely deny liability for attorneys' fees. *See* Answer, DE# 16 at ¶ 38. The Note states the Borrowers are liable for all of Wells Fargo's "reasonable expenses actually incurred to enforce or

collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding." *See* Exhibit B of Verified Complaint, DE# 1 at 3. Furthermore, the Guaranty provides that the Guarantor shall be liable for reasonable expenses incurred to enforce the guaranteed obligations, including attorneys' fees. *See* Exhibit I of Verified Complaint, DE# 1 at 4.

Section 6-21.2 of the North Carolina General Statutes provides authority for recovering attorneys' fees in the enforcement of a note or other instrument of indebtedness. "Obligations to pay attorneys' fees upon any note . . . shall be valid and enforceable and collectible as part of such debt . . ." *See* N.C. Gen. Stat. § 6-21.2; *see also Merrill Lynch Business Fin. Servs., Inc. v. The Carolina Deli, Inc.*, Case No. 5:07-CV-129-D (E.D.N.C. Mar. 18, 2008) (unpublished; *see* Exhibit 5). "First, there must be some written 'evidence of indebtedness' setting out the obligation to pay attorneys' fees in the event the debt is collected through an attorney. Second, the debtor must be notified in writing that the attorneys' fees provision will be enforced if the outstanding balance is not paid within five days." *Hedgecock Builders Supply Co. v. White*, 92 N.C. App. 535, 543, 375 S.E.2d 164, 170 (1989) (citations omitted). In this case, Wells Fargo provided notice to Defendants of its intent to collect attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.2 in the demand letters dated April 21, 2011 and December 6, 2011, *see* Exhibits L and M of Verified Complaint, DE# 1, both letters of which Defendants admitted receiving in their Answer. *See* Answer, DE# 16 at ¶¶ 22 & 28. Further, "language in [a] guaranty contract is sufficient to put a guarantor on notice that he will be liable for attorneys' fees if he fails to make the guaranteed payment before the creditor finds it necessary to employ an attorney to collect the

debt." *RIC Assocs. v. Regency Ventures, Inc.*, 111 N.C. App. 367, 374, 432 S.E.2d 394, 398 (1993). Finally, where a note allows for the recovery of attorneys' fees, such recovery shall be limited to no more than fifteen percent (15%) of the total outstanding balance owed. N.C. Gen. Stat. § 6-21.2(2). In this case, the $45,636.70 in attorney fees and $1,492.99 in costs and expenses are far below fifteen percent of the total balance owed of $5,887,601.46.

Wells Fargo Vice President Scott M. VanHee specifically stated that "Wells Fargo has incurred attorney fees in its attempts to collect the outstanding balance due under the Amended Loan Agreement, Amended Note, and Unconditional Guaranty in the amount of $45,636.70 and costs and expenses in the amount of $1,492.99 through November 27, 2012." *See* Exhibit 1, Declaration of Scott M. VanHee, at ¶ 26. Defendants have admitted that Wells Fargo provided the required notice of its attempt to collect its costs and attorney fees as required by N.C. Gen. Stat. §6-21.2. Defendants have alleged no factual or legal reason why Wells Fargo is not entitled to recover its costs and attorney fees in its collection attempts on the Amended Note and Guaranty, and therefore, Wells Fargo is entitled to summary judgment granting its recovery of attorney fees in the amount of $45,636.70 and costs and expenses in the amount of $1,492.99.

## IV. DEFENSE OF FAILURE TO MITIGATE DAMAGES IS NOT AVAILABLE TO DEFENDANTS

Defendants assert that Wells Fargo failed to mitigate its damages because it has not initiated and completed foreclosure of the Deed of Trust and therefore has not credited the proceeds obtained in a foreclosure action to the balance due under the Amended Note. Pursuant to the terms of the Amended Note, Deed of Trust and Guaranty, Wells Fargo is not required to foreclose its collateral prior to collecting the debt from the Borrowers and Guarantor, and may pursue any rights and remedies afforded to it under the terms of the Amended Note, Deed of

Trust and Guaranty such that the failure to exercise one right or remedy does not preclude another.

### A. Defense not available to Borrowers

The Note states that Wells Fargo's remedies upon default—which include foreclosure of its security interest and acceleration of the debt—are cumulative and that it may "[e]xercise any rights and remedies as provided under the Note and other Loan Documents, or as provided by law or equity." *See* Exhibit B of Verified Complaint, DE# 1 at 4. Furthermore, the Amended Note states:

> Neither the failure nor any delay on the part of Bank in exercising any right, power, or remedy under this Note and other Loan Documents shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

*Id.* The Deed of Trust states "All remedies available to Bank with respect to this Deed of Trust or available at law or in equity shall be cumulative and may be pursued concurrently or successively. No delay by Bank in exercising any remedy shall operate as a waiver of that remedy or of any default." *See* Exhibit G of Verified Complaint, DE# 1 at 8. Therefore, the loan documents allow Wells Fargo to enforce the Amended Note against the Borrowers and obtain a judgment against them individually while at the same time initiating a foreclosure proceeding despite not having completed that foreclosure. *See, e.g., Qubain v. Granberry*, 181 N.C. App. 149, 639 S.E.2d 454 (2007) (holding that where the note provides that rights and remedies of the holder are cumulative, debt could be pursued against the property or the borrower individually).

Under North Carolina law, only a purchase money deed of trust creditor must foreclose on collateral in order to collect on the underlying obligation. *See Colson & Colson Const. Co. v. Maultsby*, 103 N.C. App. 424, 430, 405 S.E.2d 779, 783 (1991) ("The purchase money deed of trust creditor cannot bring an action on the note to recover the purchase price either before or

after foreclosure, and is strictly limited to the property which was conveyed for purposes of securing the balance of the purchase price) (internal citations omitted). Here the promissory note states that the loan proceeds shall be used for the commercial purposes of the Borrowers, specifically to refinance existing debt. *See* Exhibit B of Verified Complaint, DE# 1 at 1. Therefore, Wells Fargo is not a purchase money deed of trust creditor that must foreclose on its collateral to collect on the underlying obligations.

Further, there is no risk of double recovery against the Defendants. If Wells Fargo obtains a judgment in this proceeding and collects on the judgment in the full amount owed and the Amended Note is satisfied, Wells Fargo will be unable to pursue foreclosure and the Deed of Trust and the lien will be released from the property. Likewise, had Wells Fargo foreclosed first and received proceeds from the foreclosure sale in an amount to fully satisfy the Amended Note, Wells Fargo would be unable to pursue a suit on the Amended Note against the Borrowers and Guarantor. Pursuant to the terms of the loan documents and North Carolina law, Wells Fargo has the option of pursuing each remedy either simultaneously or in any particular order until the balance is satisfied.

**B.     Defense not available to Guarantor**

The terms of the Guaranty waive any right the Guarantor may have had to demand that Wells Fargo foreclose on the collateral prior to collecting from the Guarantor. The Guaranty includes the following language:

> WAIVERS AND ACKNOWLEDGMENTS. Guarantor waives and releases the following rights, demands, and defenses Guarantor may have with respect to Bank (and, with respect to swap obligations, its affiliates) and collection of the Guaranteed Obligations: (a) promptness and diligence in collection of any of the Guaranteed Obligations from Borrower or any other person liable thereon, and in foreclosure of any security interest and sale of any property serving as collateral for the Guaranteed Obligations; (b) any law or statute that requires that Bank (and, with respect to swap obligations, its affiliates) make demand upon, assert

claims against, or collect from Borrower or other persons or entities, foreclose any security interest, sell collateral, exhaust any remedies, or take any other action against Borrower or other persons or entities prior to making demand upon, collecting from or taking action against Guarantor with respect to the Guaranteed Obligations, including any such rights Guarantor might otherwise have had under . . . N.C.G.S. §§ 26-7, et seq . . . and any successor statute and any other applicable law.

*See* Exhibit I of Verified Complaint, DE# 1 at 2. By virtue of this language, the Guarantor has waived any right he had to demand that Wells Fargo foreclose upon any collateral pledged to secure the loan prior to collecting from the Guarantor, including any statutory rights that may have otherwise been available to the Guarantor by virtue of N.C. Gen. Stat. § 26-7 (allowing guarantors to give written notice to the holder or owner of an obligation requiring him to use all reasonable diligence to recover against the principal and to proceed to realize upon any securities which he holds for the obligation).

It is well settled under North Carolina law that guarantors may waive such rights. *See Community Bank & Trust Co. v. Copses*, 953 F.2d 133 (4th Cir. 1991) (provision in guaranty agreement that guarantor waived all defenses and any right to require creditor to pursue any remedy or seek payment from any other person before seeking payment from guarantor waived guarantor's right under North Carolina statute to require creditor to proceed first against collateral that debtor had pledged to secure loan, and to commercially reasonable disposition of the collateral); *Resolution Trust Corp. v. Southwest Dev. Co.*, 807 F. Supp. 375 (E.D.N.C. 1992) (regardless of whether notice to use diligence to collect from principal was actually sent by guarantors to mortgagee, under statute requiring mortgagee to use all reasonable diligence to recover from mortgagor, defense of lack of notice was expressly waived in guaranty agreement; agreement stated that guarantors waived "any right to require that an action be brought against the Borrower or any other person."); *Borg-Warner Acceptance Corp. v. Johnston*, 97 N.C. App.

575, 580, 389 S.E.2d 429, 433 (1990) (guarantors waived right to defense of requiring creditor to use all reasonable diligence to recover against principal and to realize upon any securities held for obligation where guarantors expressly waived their right in guarantee by specifically agreeing "not to assert or take advantage of" any defense based on lack of due diligence by creditor in collection, protection or realization upon any collateral). Thus, a defense based on a theory that Wells Fargo should be required to pursue its state court remedies with respect to the collateral secured by the Deed of Trust before pursuing the Guarantor, whether such theory is based on N.C. Gen. Stat. § 26-7 or otherwise, is unavailable to Guarantor due to the explicit waiver language present in the Guaranty executed by Guarantor.

## CONCLUSION

Defendants have admitted their payment default under the Amended Note. Defendants have stated that they are uncertain of the exact amount owed to Wells Fargo under the Amended Note, despite the verification of that amount by Wells Fargo in the Complaint and the Declaration of Scott M. VanHee supporting that amount. Thus, Wells Fargo has demonstrated the absence of genuine issues of material fact as to its claims for default under the Amended Note, Amended Loan Agreement and Guaranty and for attorneys' fees. In addition, under the terms of the loan documents and North Carolina law, Wells Fargo is not obligated to complete its foreclosure of the Deed of Trust before obtaining a judgment against the Defendants for their obligations due under the Amended Note, Amended Loan Agreement and Guaranty. As such, Defendants' affirmative defense of failure to mitigate damages is not valid. Without any genuine issues of material fact or valid affirmative defenses, Wells Fargo is entitled to summary judgment against Defendants in the full amount due under the Amended Note.

Respectfully submitted this the 30th day of November, 2012.

- 16 -
Case 5:11-cv-00762-D   Document 22   Filed 11/30/12   Page 16 of 18

/s/ Brian C. Fork
A. Lee Hogewood, III
North Carolina State Bar No. 17451
Brian C. Fork
North Carolina State Bar No. 33922
K&L Gate LLP
P.O. Box 17047 (27619-7047)
4350 Lassiter at North Hills Avenue
Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7306
Facsimile: (919) 516-2006
lee.hogewood@klgates.com
brian.fork@klgates.com

*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically in accordance with the local rules and was therefore served electronically on the Defendants' counsel as listed below.

Dirk W. Siegmund
Ivey, McClellan, Gatton & Talcott, L.L.P.
Post Office Box 3324
100 South Elm Street, Suite 500
Greensboro, NC 27402
*Attorney for Defendants*

This the 30th day of November, 2012.

                                                                          /s/ Brian C. Fork
                                                                          Brian C. Fork